# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-CR-30075-SMY |
| JACOB ELLER, | ) ) ) |
| Defendant. | ) |

## ORDER

On April 19, 2017, a grand jury indicted Defendant Jacob Eller for one count of receipt of child pornography in violation of 18 U.S.C. § 2256(8)(A) and 18 U.S.C. § 2252A(a)(2)(A). Now pending before the Court is Defendant's Motion to Dismiss Indictment for Outrageous Government Conduct (Doc. 20). The Government filed a response (Doc. 27). For the following reasons, the motion is **DENIED**.

## Background

In August 2014, a new child pornography website, nicknamed "Playpen" by the FBI, was established with the primary purpose being the advertisement and distribution of child pornography. The website operated on the anonymous "TOR" network. By March 2015, the Playpen website had over 265,000 user accounts. FBI "Operation Pacifier" was authorized to target the administrators and users of the Playpen website.

In February 2015, the FBI executed a search warrant of the site's server located in Virginia. Rather than shut down Playpen, the FBI operated the website from a government facility in the Eastern District of Virginia from late February to early March 2015, in an effort to

identify website users. The FBI deployed a Network Investigative Technique ("NIT") against users of the website to identify their IP addresses and to determine their location.

Utilizing the NIT, the FBI traced a username, "Keith96", to Defendant's home. At the time, Defendant lived with his mother, step-father and sister. On March 17, 2016, FBI agents went to Defendant's home to conduct a "knock-and-talk". Defendant's mother signed a written consent for the search of the family computer for child pornography. Defendant was interviewed after the FBI discovered prohibited images on the family computer. During the interview, Defendant made incriminating statements regarding his activities on Playpen and consented to a search of his laptop. Additional files containing child pornography were found on Defendant's laptop. Defendant was subsequently indicted for one count of Receipt of Child Pornography (Doc. 1).

## **Discussion**

Defendant asserts that the Government's operation of the Playpen website constitutes outrageous governmental conduct which violates due process and warrants dismissal of the indictment. While the Supreme Court "has left open the possibility of" granting such relief, the Seventh Circuit has consistently refused to take the "extreme step of dismissing criminal charges against a defendant because of government misconduct." *United States v. Childs*, 447 F.3d 541, 545 (7th Cir. 2006); *see also United States v. Smith*, 792 F.3d 760, 765 (7th Cir. 2015); *United States v. Westmoreland*, 712 F.3d 1066, 1071 (7th Cir. 2013).

Although the principle of "outrageous government conduct" has not been recognized by the Seventh Circuit, Eller argues that the Supreme Court and several other Circuits have found due process violations based on outrageous government conduct. In support of his argument,

Eller cites, among other cases, *Rochin v. California*, 342 U.S. 165 (1952) and *United States v. Black*, 750 F.3d 1053, 1058 (9th Cir. 2014).

In *Rochin*, the Supreme Court affirmed the dismissal of an indictment based on government agents breaking down the defendant's bedroom door, attempting to forcibly remove pills from his throat and ordering his stomach pumped against his will. *Rochin*, 342 U.S. at 165. In *Black*, an undercover government agent sent a paid confidential informant ("CI") to randomly recruit "bad guys" in a "bad part of town" to help rob a non-existent stash house. *Black*, 750 F.3d at 1054. While trolling in a bar, the CI successfully tempted a randomly-selected person to participate in the fictional crime by offering him the opportunity to obtain a huge financial benefit. *Id*. After the CI put the participant in touch with the government agent, the agent urged the participant to bring others into the plot, played the principal role in devising and executing the imaginary crime, and walked the defendants through a script that ensured lengthy prison sentences for committing a crime that did not exist. *Id*.

*Rochin*, *Black* and the other decisions relied upon by Eller are readily distinguishable from this case. First, courts have recognized due process violations based on outrageous conduct where, as in *Rochin*, the violation was of the defendant's person. Courts have also recognized due process violations based on outrageous governmental conduct in instances, such as in *Black*, where the government's participation created a crime or criminal enterprise that did not exist before and where the government actually coerced the defendant to commit the crime by some unreasonable means. *See Westmoreland*, 712 F.3d at 1071 (citing cases).

Here, there is no allegation that Eller's person was violated by the actions of the Government. Further, the Government did not create the Playpen website – the site had been available for several months prior to the FBI's involvement. Nor did the Government coerce

Eller into receiving and possessing child pornography. Rather, Eller voluntarily accessed the site and willingly downloaded child pornography (a practice the Government alleges that he maintained even after the Government took down Playpen).

Finally, the Court notes that numerous courts that do recognize outrageous government conduct as a defense have nevertheless declined to dismiss indictments after considering the same due process challenge based on the Playpen NIT warrant. *See United States v. Kim*, 2017 WL 394498, at *4 (E.D.N.Y. Jan. 27, 2017); *United States v. Vortman*, 2016 WL 7324987, at *1 (N.D. Cal. Dec. 16, 2016); *United States v. Hammond*, 2016 WL 7157762, at *6 (N.D. Cal. Dec. 8, 2016); *United States v. Allain*, No. 2016 WL 5660452, at *13 (D. Mass. Sept. 29, 2016). For the foregoing reasons, this Court declines to do so as well.

**IT IS SO ORDERED.**

**DATED: October 12, 2017**

                                        **s/ Staci M. Yandle**
                                        **STACI M. YANDLE**
                                        **United States District Judge**